## BALDWIN FERTILIZER COMPANY *v.* MERRITT.

Where an application for a homestead described the land sought to be exempted as being situated in the northwest corner of a specified lot, and the county surveyor returned a plat of the land to be set apart, showing that it was located in the northwest corner of that lot, together with an affidavit averring that he had made the survey and plat in obedience to an order from the ordinary, but stating further that the homestead platted was in the northeast corner of the designated lot, it manifestly appears that the use in the affidavit of the word "northeast" instead of the word "northwest," was a mere clerical error, and the trial judge properly held that the homestead papers were admissible in evidence.

Submitted April 21,—Decided June 10, 1897.

Levy and claim. Before Judge Sheffield. Early superior court. April term, 1896.

*R. H. Sheffield*, for plaintiff.

*R. H. Powell & Son*, contra.

LUMPKIN, P. J.   An application for a homestead described the land sought to be exempted as being situated in the northwest corner of lot of land number 239 in Early county.   In obedience to an order from the ordinary, duly issued, the county surveyor returned a plat of the land to be set apart, showing that it was located in the northwest corner of the lot specified in the applicant's petition.   The surveyor in his affidavit accompanying the plat stated, however, that the homestead platted by him was in the *northeast* corner of this lot.   Subsequently, in a claim case, it became material for the claimant to show that the property levied on was land covered by the homestead which had been set apart as above stated, and for this purpose the homestead papers were offered in evidence. The only objection urged against their admissibility was, that the surveyor had, in his affidavit, described the homestead as embracing land in the *northeast* corner of the lot in question.

In view of the entire record of the proceedings had with reference to the granting of the homestead, it is manifest that the use by the surveyor of the word "northeast" instead of the word "northwest" was a mere clerical error, and the trial judge was clearly right in treating it as such and in allowing the homestead papers to go to the jury.   Looking to the application for the homestead, the ordinary's order and the plat returned, no reasonable mind could reach any other conclusion except that, when the surveyor in his affidavit said "northeast," he meant to say "northwest."   As shown by the plat returned by him, such was the true location of the land to which he had reference; and we think this plat, as against an obvious mistake made by him in attempting to describe the land in his affidavit, should control, the purpose of the affidavit being to show that the land to be exempted has been "correctly platted and laid off, and its value," and not to fix its location.   Civil Code, § 2834.   In other words, the law contemplates that the location and boundaries of the tract which has been laid off shall be made to appear by a plat thereof made by the surveyor, and that the correctness of this plat and the value of the land embraced therein shall be verified by his affidavit.   It was accordingly held in *Tim-*

*othy* v. *Chambers*, 85 *Ga.* 268 (4), that where a surveyor, in addition to stating the value of the land, made affidavit that the plat returned by him was "a correct plat," a substantial compliance with the requirements of the statute had been observed.

What is said above disposes of the only question presented by the record for our determination.

*Judgment affirmed. All the Justices concurring.*